HAGENAH and another, Appellants, vs. GEFFERT, Respondent.

*February 20 — March 12, 1889.*

*Reformation of written instrument: Mistake: Pleading: Demurrer ore tenus.*

1. The complaint alleges that, upon the dissolution of a partnership between the parties with relation to a certain business, it was agreed that the plaintiffs should assume all the debts of the firm relating to such business, and, to carry out such arrangement, they executed to the defendant a bond conditioned, by its terms, that they should pay all the debts of the firm and save him harmless therefrom; that at that time the individual members of the

firm held stock in a certain manufacturing company, and there was then outstanding a note executed in the firm name (and by other makers) which was not given for any debt of the firm and was not in any way connected with its said business, but was given for the benefit of such manufacturing company, the makers of the note being in reality sureties for said company; that said note was not intended or understood by the parties to be included among the liabilities of the firm assumed by the plaintiffs or covered by the conditions of their bond, and that if the bond is so written as to bear such construction and so as to apparently require the plaintiffs to save the defendant from all liability thereon, it was so written by mistake, and said bond, so written and construed, does not express the real agreement, understanding, and intentions of the parties. It is further alleged that plaintiffs have paid a judgment on said note, one third of which ought, in equity, to be paid by the defendant. Judgment is demanded for a reformation of the bond and for one third of the amount so paid by the plaintiffs. *Held*, on demurrer *ore tenus*, that the complaint sufficiently alleges a mistake in the bond, and not a mere misunderstanding of the words employed therein.

2. Upon a demurrer *ore tenus* a greater latitude of presumption will be indulged to sustain a complaint than upon a regular demurrer thereto.

APPEAL from the Circuit Court for *Sauk* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint in this action alleges, in effect, that on and prior to February 13, 1883, the parties were partners doing business in the name of Hagenahs & Geffert, and engaged in the hardware and agricultural implement business. That they were also engaged in carrying on a brewery, and the individual members also held stock in the Reedsburg Woolen Mills. That, at the date aforesaid, "it was mutually agreed by and between the several members of said firm that said firm should be dissolved, so far as related to the said hardware and agricultural implement business, by the retirement of the said defendant therefrom, they, the said plaintiffs, paying to the said defendant the sum of $500 for his interest in said business, and assuming all of

the debts of said firm relating thereto." That to carry out such arrangement plaintiffs paid to the defendant the $500, and executed to the defendant a bond, of which the following is a copy: "Know all men by these presents that we, *John H. Hagenah* and *Peter Hagenah*, of Reedsburg, Wisconsin, as principals, and Henry Meyer, of Westfield, as surety, are held and firmly bound unto *Henry Geffert*, of Reedsburg, Wisconsin, in the sum of ten thousand dollars, to be paid to the said *Henry Geffert*, his heirs and adminis-trators, to which payment, well and truly to be made, we do bind ourselves, our heirs and administrators, and each of them, firmly by these presents. Sealed with our seals, and dated this 13th day of February, 1883. The condition of this obligation is such that if the above-bounden *John H.* and *Peter Hagenah*, and Henry Meyer, their heirs and ad-ministrators, shall in all things stand to and abide by, well and truly keep, perform, and pay all the liabilities, debts, obligations, and contracts, in any manner contracted, out-standing, or against the late firm of Hagenahs & Geffert, and shall see that the same are duly discharged, and shall keep and save harmless the said *Henry Geffert* from any and all costs, expense, and trouble on account of the same, then the above obligation shall be void; else to remain in full force and virtue." And the defendant executed to the plaintiffs a bill of sale of all his "right, title, and interest in all the joint property, real and personal, notes, credits, book accounts, and everything of every nature belonging to the said firm of Hagenahs & Geffert." That at the time of the dissolution of said firm and the execution of said bond, there was outstanding and unpaid a promissory note for $10,000, executed by David B. Rudd, Eli O. Rudd, Silas J. Seymour, Joseph L. Green, and the firm of Harris & Hasler, and purporting also to be executed by the said firm of Hagenahs & Geffert. That said note was not given for any indebtedness of the said firm of Hagenahs & Geffert,

nor in anywise connected with the business of hardware and agricultural implements of said firm, but was given for the benefit of the Reedsburg Woolen Mill, and that all of the makers of the note were in reality sureties for the Woolen Mill, and co-sureties for each other. "That it [the note] was not included nor understood nor intended by the parties or any of them to be included among, or as constituting a part of, the liabilities of said firm of Hagenahs & Geffert, nor any part of the liabilities to be assumed by the said plaintiffs, nor to be included in nor covered by the conditions of said bond." That suit was afterwards brought upon said note, and judgment rendered thereon in the circuit court, which was afterwards affirmed by this court. (*Morse v. Hagenah,* 68 Wis. 603.) That the sole question litigated in that action was whether or not all the members of the firm of Hagenahs & Geffert were liable upon said note by reason of the signature of the firm name thereon. That in addition to said note there were two other notes of $10,000 each, made by the same parties to the same payee for the same purposes, outstanding and unpaid at the time of the dissolution. That plaintiffs have paid the judgment upon said note, paying therefor the sum of $2,273.53 (the other joint makers having paid their just proportion of the note before suit brought), one third of which ought, in equity, to be paid by the defendant, but the defendant refuses to pay any portion thereof, claiming that by the terms of said bond the plaintiffs are bound to pay the whole thereof. "But said plaintiffs aver and expressly charge that if the said bond is so written as to bear such construction, and so as to apparently require these plaintiffs to pay the whole of said judgment, or to indemnify the said defendant from liability upon said note, the same was so written by mistake; that it was not so agreed between the parties; and that said bond, so written and so construed, does not express the real and true agreement, understanding, and intentions of the parties thereto."

The complaint demands that the bond be reformed and corrected so as to conform to and express the agreement and contract actually made; and demands judgment for one third of the amount paid by the plaintiffs in paying off said judgment.

The defendant answered upon the merits, forming an issue, and the case was brought on for trial at the September, 1888, term of the court for Sauk county, when the defendant objected to the reception of any evidence under the complaint, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. That objection was sustained by the court, and judgment dismissing the complaint with costs was rendered. From that judgment the plaintiffs appeal.

*G. Stevens*, for appellants, cited *Menominee L. Mfg. Co. v. Langworthy*, 18 Wis. 444; *Benson v. Markoe*, 37 Minn. 30, and cases cited; Kerr on Fraud and Mistake, 398 *et seq.*

For the respondent there was a brief by *Gregory, Bird & Gregory*, and oral argument by *J. C. Gregory*. They contended that to justify the reformation of a written instrument the mistake must be in the language used, either by inserting words not agreed to or by omitting words intended to be used. If the language used was that intended to be used, the writing cannot be changed on the ground of misunderstanding as to its meaning or effect. *Nelson v. Davis*, 40 Ind. 366; *Allen v. Anderson*, 44 id. 395; *Barnes v. Bartlett*, 47 id. 98; *Toops v. Snyder*, 70 id. 554; *Treacy v. Hecker*, 51 How. Pr. 69; *Kelly v. Turner*, 74 Ala. 513; *Oswald v. Sproehnle*, 16 Bradw. 368; *Webster v. Stark*, 10 Lea, 406; *Easter v. Severin*, 78 Ind. 540; *Grubb's Appeal*, 90 Pa. St. 228; *Eastman v. St. Anthony Falls W. P. Co.* 24 Minn. 437; *Nevius v. Dunlap*, 33 N. Y. 676.

CASSODAY, J. It is claimed that no mistake of fact is alleged in the complaint, but only a misunderstanding as to the meaning of the words employed. Had the question

arisen upon regular demurrer, we might possibly have reached that conclusion.   But no such demurrer was interposed.   The defendant answered upon the merits.   The cause was regularly noticed for trial, and the plaintiffs appeared with the expectation of trying it.   They were met by a demurrer *ore tenus*.   It has long been settled in this court that, where the sufficiency of the complaint is thus raised for the first time, more latitude of presumption will be indulged to sustain it than where the objection is taken by regular demurrer.   *Teetshorn v. Hull*, 30 Wis. 162; *Hazleton v. Union Bank*, 32 Wis. 34.   Without further citing cases, it is sufficient to say that this rule has since been frequently sanctioned by this court.   By indulging in such liberal presumption in favor of the complaint, the court is inclined to hold that it alleges, in effect, that by mistake the bond was so written as to make the plaintiffs assume " all the debts " of the firm, instead of limiting such liability to such debts of the firm as had been incurred in the " hardware and agricultural implement business," as was intended by the parties.   Especially is this so in view of the liberal rule for the reformation of contracts on the ground of mistake, adopted by this court in *Green Bay & M. Canal Co. v. Hewitt*, 62 Wis. 329 *et seq.*   The discussion of the question by Mr. Justice ORTON in that case is too recent and too exhaustive to be here renewed.   See, also, *Silbar v. Ryder*, 63 Wis. 109.   The case comes clearly within the ruling of that decision.   It is true the allegations are vague and indefinite, and might have been made more certain on motion; but such defect cannot be reached on demurrer *ore tenus*.   Not wishing to embarrass a trial upon the merits, we refrain from any further discussion.

   *By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.