SARAH M. TAYLOR *et al.* v. BRIDGET DEVERELL.

1. CONVEYANCE, *Reformed, When.* A conveyance which, either through fraud or mistake, fails to express the actual agreement of the parties, will be reformed by a court of equity so as to correspond with the agreement, and corrected so that it will embrace all the land which it was agreed should be thereby conveyed.

2. DEED — *Case for Reformation, Stated.* A petition which states that it was agreed between grantor and grantee that certain land should be conveyed for a certain consideration, and in order to describe it in the conveyance the parties agreed to measure the width of the same, and that to do so the grantor furnished a tape-line which was used by them, and that the length of the tape-line was fraudulently misrepresented by the grantor, by reason of which the deed did not embrace all the land which it was agreed and understood should be conveyed, and the grantee was thereby misled, and induced to believe, that the land was properly described and to part with the consideration agreed to be paid for the same, states a sufficient ground for relief in equity and for a reformation of the deed.

3. TESTIMONY — *Objection, Not Sufficient.* A general objection to testimony, admissible as to one defendant but not as to another, is not

sufficient. The court should be asked to limit the application of the testimony to the one against whom it was competent.

4. EVIDENCE, *Sustains Judgment.* The testimony in the case is *held* to be sufficient to sustain the judgment of the court.

*Error from Saline District Court.*

ACTION brought by *Bridgett Deverell* against *Sarah M.* and *Jasper Taylor*, to reform and correct the description in a certain conveyance of real estate theretofore made by the Taylors to the plaintiff. The cause was tried at the May term, 1887, and the court, upon request, and after hearing the testimony, made the following findings of fact and of law:

"1. The plaintiff was the owner of 16 acres of land in Saline county, and she placed the same in the hands of Carlin & Supple, real-estate agents, of Salina, for sale.

"2. The defendant Sarah P. Taylor was the owner of a piece of land in the suburbs of the city of Salina, beginning east of Front street and on the north side of the Missouri Pacific Railroad; this land was bounded on the north by an alley, west by Front street, south by the Missouri Pacific Railroad, and ending in a point at the east; and containing in all about two and one-half acres.

"3. The defendants were husband and wife.

"4. The defendants placed their land in the hands of Carlin & Supple, real-estate agents, for sale.

"5. Carlin & Supple, knowing the wants, introduced the parties, Robert Deverell, husband of plaintiff, and Jasper Taylor, of the defendants, who arranged for a trade of 160 acres of land of the plaintiff for a portion of the two and one-half acres.

"6. It was agreed that the defendant would deed to the plaintiff, in consideration of her 160 acres, an acre and a half of the west front of the two-and-a-half-acre tract.

"7. Robert Deverell and Jasper Taylor, in order to get the number of feet that piece would be, measuring from the west line toward the east, measuring with a tape line 50 feet long, Robert Deverell carrying the end with the ring on, and Jasper Taylor carrying the rear end having the number on the line.

"8. They measured from the northwest corner, through

and along the north line fence, and Taylor took Deverell's knife and cut a notch in the top board of the fence.

"9. Taylor saying that it measured 166 feet.

"10. They then measured from the west, along a fence about the middle of the lot from north to south and extending from the west line east to a point as far east as the notch on the north fence they had made. This point being at the east point at the east end of the fence.

"11. Jasper Taylor told Mr. Supple, who made the deed, that the ground was 166 feet from east to west.

"12. Supple took the order of description from an old deed, and wrote 166 feet in as he had been told by Taylor.

"13. Deed was made December 8, 1886, and on the 10th or 11th Supple delivered it to Robert Deverell, who placed it on record on the 10th day of December.

"14. Some few days afterward Deverell was on the ground and Jasper Taylor said to him, 'Your 166 feet only corner to those cherry trees,' pointing and referring to two trees near the north end and in line with one that stood near the south line, and at that time Deverell disputed with Taylor and showed him the notch that they had made in the north fence, and claimed all the land west of that notch and a line running north to the end of the middle fence.

"15. The original amount of the land was to include all of the orchard.

"16. The 166 feet would leave the greater portion of the orchard on the east of the line on the end that Taylor keeps.

"17. 224.06 feet east and 276 north and south would contain only one acre and 724-1815 of an acre, or less than one and one-half acres.

"18. Said deed should be changed so as to read 226 feet, instead of 166 feet."

The court adjudged and decreed that the deed should be corrected by describing the piece of land to be the west 226 feet of the tract, instead of the west 166 feet, as was described in the deed, and that the plaintiff be invested with the full and complete title to so much of the land as is thus described.

A motion for a new trial was made and overruled, and defendants bring the case to this court for review.

*Mohler & Millikin*, for plaintiffs in error.

*H. S. Cunningham*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: After reading the record we are prepared to concur in the conclusion of the district court.

It is urged that the petition does not set forth facts which would warrant a reformation of the deed on account of the fraudulent representations and conduct of the defendants in the court below. It sets forth in substance that the parties agreed to exchange lands, Mrs. Deverell giving a quarter-section for a small tract of land of irregular shape which appears to be in or adjoining the city of Salina. The latter was a portion of a 2½-acre tract, and it was agreed that Taylor should convey so much of the whole as extended from the west side to a certain named point; and to ascertain the dimensions of the tract so as to describe it in the conveyance, it was measured by Mr. Taylor and Mr. Deverell with a tape-line furnished by Taylor for that purpose. As they measured it, it was found to be 166 feet from the west side of the tract to the point agreed upon, and it was so described in the deed. The tape-line used was represented by Taylor to be forty feet long, whereas it was longer, and the four lengths of the same and 26 feet more, which was the measure taken to the point agreed upon, made 226 feet instead of 166 as recited in the deed.

It is claimed that no fraud is alleged nor any statement made that the Deverells relied on the representations of Taylor or parted with their property by reason of his fraud. It is alleged, however, that Taylor misrepresented the length of the tape-line, and thus wrongfully deceived the plaintiff as to the actual extent of the premises, and that by reason of his wrongful acts Mrs. Deverell was induced to part with her title to a quarter-section of land, believing that she was receiving in exchange the whole tract of land agreed upon, and that by his wrongful conduct she has been been defrauded out of a tract of land 275½ feet long and 60 feet wide, of the value of $500. It is further stated that she would not have conveyed her 160 acres of land to the Taylors had she not believed that the deed made by the Taylors included and conveyed all the

land pointed out, and which it was agreed the Taylors should convey to her.

We think the petition states a cause of action. The deed from the Taylors does not express the agreement of the parties, nor embrace the entire premises which it was agreed and understood should be conveyed. And this is alleged to have been the result of the fraudulent representations and conduct of Taylor. It is plainly charged that the plaintiff below was misled by the fraudulent misrepresentations of Taylor as to the length of the line used as a measure, and that by his deception she was induced to believe that the description placed in the deed covered the entire premises which the Taylors had agreed should be given in exchange for her land.

A conveyance which either through fraud or mistake fails to express the actual agreement of the parties will be reformed by a court of equity so as to correspond with the actual contract, and will be corrected so that it shall embrace all the land it was agreed should be thereby conveyed. It is true, as counsel for plaintiffs in error contend, that a party asking for a correction on the ground of fraud must have relied and acted upon the misrepresentation made, to entitle him to relief in equity. The petition we think clearly charges sufficient to show that the fraud and deception practiced by Taylor misled the defendant in error, and that it was solely through the fraud and artifice of Taylor that the premises were falsely described in the deed sought to be corrected. By the allegations of the petition, Taylor purposely and falsely stated a material fact upon which Deverell relied and was induced to act to her prejudice; and this is unjustifiable either in law or morals, and is sufficient ground for relief in equity.

It is further claimed that testimony was erroneously admitted during the trial, of statements made by Mr. Taylor after the conveyance had been made and delivered and after his agency for Mrs. Taylor had ceased. The legal title to the land was in his wife, and he represented her in its management and control and in the negotiations and conveyance of the land to Deverell. He had an inchoate interest in the

land, was made a party defendant, and was charged jointly with his wife with the fraudulent conduct which resulted in a misdescription of the premises agreed to be conveyed. It is not clear from the testimony that the statements objected to were made by him subsequent to the delivery of the deed. However that may be, we think the testimony was competent, at least against him as a co-defendant, and the question of limiting it to him was not suggested by the objections or the motions that were made. The cause was tried before the court alone, and we think the plaintiffs in error suffered no prejudice from the rulings upon the testimony.

It is next urged that the judgment is not sustained by the evidence. It is true, as claimed, that to sustain a reformation of a deed the testimony showing fraud should be clear and satisfactory to the court. There is considerable evidence in the record which clearly tended to establish the fraud charged in the petition. It is true that that offered on the part of the plaintiffs in error was in direct conflict with that offered by Deverell, but this conflict has been settled by the court, and we must presume that it applied proper rules in determining the weight and credibility which should be given to the testimony. Evidently the testimony of the plaintiffs in error was not believed by the court, and there being sufficient evidence to sustain the finding that was made, we cannot under a prevailing rule of this court disturb a finding so sustained.

The judgment will be affirmed.

All the Justices concurring.