Kyle vs. Fehley.

Kyle, Appellant, vs. Fehley, Respondent.

*December 15, 1891 — January 12, 1892.*

*Reformation of deed: Mistake as to its legal effect: Fraud: Evidence.*

81  67
85  284

81      67
115   2  18

1. In an action for a breach of the covenants of warranty in a deed, on the ground that there was an outstanding lease by the grantor to a third person, the defense was that by reason of plaintiff's false representations a statement that the conveyance was subject to said lease was kept out of the deed. *Held,* that defendant's offer to show that he had proposed to reconvey the land was properly rejected as immaterial.

2. The defendant, an aged German woman, unacquainted with business forms, having agreed to convey land to the plaintiff subject to a lease to a third person, was induced to execute a warranty deed, making no mention of such lease, by the false representations of the plaintiff as to the effect of such deed. *Held,* that she was entitled to have the deed reformed.

APPEAL from the Circuit Court for *Rock* County.

On and prior to August 17, 1887, the plaintiff was the owner of a farm of eighty acres in Lima, Rock county. During the same time the defendant was the owner of a house and lot in Whitewater, and 240 acres of land described, in Iowa, which last piece of land was at the time subject to a lease from her to one Prebe, executed August 17, 1885, for the term of three years from and after November 1, 1885, in consideration of which the said Prebe therein agreed to pay her one fourth of all the crops raised in the season of 1886 on said premises, delivered in granary and cribs thereon, and in the two succeeding years to pay one third of said crops delivered as above, the above provision as to rent to apply only on the land then broken. Said Prebe therein also agreed to break all the tillable land not already broken on the quarter section therein described, in the season of 1886, and in payment for such breaking was to have and receive the entire crop raised by him on

the land so broken by him in the seasons of 1887 and 1888. It was therein further agreed that said Prebe might have the privilege of extending said lease for two years beyond the time therein stated, at his election, by giving sixty days' notice thereof, in which case he was to pay rent for each of said two years,— one third of all crops delivered as aforesaid.

August 17, 1887, the plaintiff conveyed to the defendant the eighty-acre farm mentioned, and she, at the same time and in consideration therefor, by deed with full covenants conveyed to him the house and lot in Whitewater and the 240 acres mentioned. March 21, 1888, the plaintiff commenced this action against the defendant and her husband for a breach of the covenants of warranty contained in her ·deed to him, by reason of said outstanding lease in favor of said Prebe, and claimed $1,800 damages. The defendant answered by way of denials and counter-allegations, and alleged by way of counterclaim, in effect, that before and at the time.of the execution of said deed from her to the plaintiff the latter went upon said Iowa farm, and saw the tenant thereon in possession, and saw and read said lease, and agreed to take said Iowa farm subject to said lease and the rights of said tenant thereunder, and further agreed that the defendant should reserve her share of the crops for the year 1887, and that she was to pay the taxes thereon for that year, and to pay the plaintiff one third of the crops on the new breaking for the year 1888; and that such agreement on the part of the plaintiff to take the Iowa farm subject to such lease and the rights of the tenant thereunder was, by false representations made by the plaintiff and his attorney and upon which the defendant relied, suppressed and kept out of said deed from the defendant to the plaintiff; and said answer prayed a reformation of said deed according to the true agreement between the parties. The plaintiff replied at length to the counterclaim.

Upon the trial the plaintiff discontinued the action as to the defendant's husband. At the close of the trial the court found, as matters of fact, in ·effect, the exchange of the property as mentioned; the existence, terms and conditions of said lease; that the same were fully known to the plaintiff on and prior to August 17, 1887; that all the material allegations of the amended answer were true. And, as conclusions of law, the court found, in effect, that the execution and delivery of the deed from the defendant to the plaintiff carried with it an assignment of said lease; that there was a mistake in drafting the deed, by omitting to state therein that the same was made and accepted subject to said lease and the defendant's reservation of one third of the crops for 1887; that the defendant was induced to consent to such omission by the advice of the plaintiff's attorney, and in the belief of the correctness of his statements as to the effect of the deed with such omission, and that such omission was a fraud upon the defendant; that the deed should be reformed as demanded in said answer, and the defendant have judgment for a reformation of said deed as prayed in said answer, and dismissing the action, and for her costs and disbursements therein. From the judgment entered thereon accordingly the plaintiff appeals.

For the appellant there was a brief by *Doe & Sutherland,* and oral argument by *J. B. Doe.*

For the respondent there was a brief signed by *Winans & Hyzer,* and oral argument by *John Winans.*

CASSODAY, J. The real controversy is whether the equitable defense alleged in the answer is sustained by the evidence. The objection to the admission of certain testimony upon the trial of this equitable issue is not available as a ground for reversal. This is too well settled to require the citation of authority. The plaintiff offered to show that October 5, 1887, he proposed to the defendant to have all

the lands mentioned reconveyed, but that she refused.   The court, as we think, very properly rejected the offer as immaterial under the pleadings.

It is apparent that the defendant and her husband were aged Germans, and but little acquainted with the methods and forms of business.   From the very nature of things they must have relied almost wholly upon the scrivener for the formal writings to carry into execution the oral agreement actually made by the plaintiff and the defendant. The plaintiff admits that during the negotiations of the trade he told the defendant that he would go out to Iowa with her husband, and see the farm, and that when he came back he could tell her better how he would trade; that he and her husband did go to Iowa, August 9, 1887; that at Garner they obtained a livery team and drove out to the farm and to the house upon the farm; that Mr. Fehley talked with a German lady at the house, in his presence; that he then went to Ames to visit his brother; that his brother accompanied him back to Garner; that he and his brother and Mr. Fehley then took a livery team, and again drove out to the farm; that he there saw the lady at the house, and Mr. Prebe working the farm.   He professes to have had no conversation with Mr. Prebe, and to have understood nothing of the conversation carried on in German between Prebe and Mr. Fehley; and he expressly denies having said to Prebe, " If I make this trade, I will make it subject to your lease."   He admits that he understood that Prebe was working the farm on shares, but claims to have made no inquiry, nor to have received any information, as to the terms, conditions, or duration of his lease. This visit of the plaintiff to the farm in Iowa was a week or so prior to the drawing of the papers, and for the very purpose of determining upon inspection whether he would make the trade or not.   His story as to his want of any knowledge as to the existence, terms, conditions, and dura-

tion of the lease, and his failure to make inquiry as to the same, are unnatural and incredible. From a careful examination of all the evidence, we are convinced that he knew all about the lease, and that he agreed to take the farm subject to it and upon the terms and conditions found by the court. The testimony is voluminous, and no detailed statement of it can here be properly made. It is enough to say that the several findings of fact by the court appear to be proved by a clear preponderance of the evidence.

It is contended, in effect, that the defendant was acquainted with the contents of the deed at the time of its execution by her, and hence that within the ruling of this court in *Neff v. Rains*, 33 Wis. 689, she cannot reform the same on account of her own mistake as to its legal effect. In that case it was in effect held that there was no mistake in the contract, as a matter of fact; and that, if there was any mistake, it was merely one of law as to the legal effect of the contract, since the contents were well known to the person executing it. Such is undoubtedly the law, even in equity, where the party executing the contract knows its contents, and the same conforms to his agreement. *Storrs v. Barker*, 6 Johns. Ch. 166, 10 Am. Dec. 316, and notes. It was said by MARSHALL, C. J., that, "although we do not find the naked principle that relief may be granted on account of ignorance of law asserted in the books, we find no case in which it has been decided that a plain and acknowledged mistake of law is beyond the reach of equity." *Hunt v. Rousmanier*, 8 Wheat. 215. The rule seems to be firmly established that, where the mistake of law is occasioned by fraud, imposition, or misrepresentation, a party suffering thereby may have relief in equity. *Lansdown v. Lansdown*, Mos. 364; *Ladd v. Rice*, 57 N. H. 374; *Brown v. Rice's Adm'r*, 26 Grat. 467; *Hardigree v. Mitchum*, 51 Ala. 151; *Whelen's Appeal*, 70 Pa. St. 410; *Goodenow v. Ewer*, 16 Cal. 470; *Spurr v. Home Ins. Co.* 40 Minn. 425; *Anderson v. Tydings*, 63 Am. Dec. 708, and notes.

Thus, in the recent case of *Griswold v. Hazard*, 141 U. S. 260, it was held that " an admitted or clearly established misapprehension of law in the making of a contract creates a basis for the interference of a court of equity, resting on its discretion, and to be exercised only in unquestionable and flagrant cases."

This principle has been fully sanctioned by this court, and the authorities reviewed in an opinion by Mr. Justice ORTON, in *G. B. & M. Canal Co. v. Hewitt*, 62 Wis. 331. See, also, *Silbar v. Ryder*, 63 Wis. 108; *Hagenah v. Geffert*, 73 Wis. 641. In the case at bar the defendant appears to have been induced to execute the deed containing the covenants upon which the action is brought by the imposition and misrepresentations found by the court, and hence a proper case is presented for relief in equity.

*By the Court.*— The judgment of the circuit court is affirmed.