[Decided July 5, 1893.]

## ARCHER *v.* CALIFORNIA LUMBER CO.

[S. C. 33 Pac. Rep. 526.]

1. REFORMING OR CANCELLING CONTRACTS — FRAUD.— The fact that one of the parties to a deed or contract was mistaken as to the legal effect of the instrument, or of the terms used, or that one of the parties was ignorant and illiterate, will not justify a reformation or cancellation of the document, but it must also appear that some relation of trust or confidence existed between the parties, or that there was fraud or misrepresentation, or that the means of knowledge as to the terms and conditions of the contract were not equally open and accessible to both parties.

2. IDEM — FRAUD — PLEADING.— A deed executed by an ignorant and illiterate person, in reliance upon the agents for the grantee, to whom he

has entrusted the preparation of it, which does not express the real contract made between the parties, will be reformed in equity when it also appears that the grantor believed that the said agent was his attorney, and relied entirely on him to properly prepare the papers.

3. EVIDENCE NECESSARY TO REFORM A WRITTEN INSTRUMENT.—One who seeks to have a deed reformed on the ground that it was procured by fraud must establish his case by a clear preponderance of the evidence, but it need not be so conclusive as to leave no room for doubt.

Coos County: MARTIN L. PIPES, Judge.

Suit by Samuel Archer and Margaret, his wife, against the California Lumber Company for reformation of a deed. Decreed for complainants, and defendants appeal. Affirmed.

*William R. Willis,* for Appellant.

*S. H. Hazard,* for Respondent.

MR. CHIEF JUSTICE LORD delivered the opinion of the court:

This is a suit in equity to cancel or reform a written instrument which is fully set out in the complaint. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of suit, which the court overruled, and thereupon the defendant answered, denying all the material allegations of the complaint, except that it gave its obligation for a certain sum as specified, and alleged that the only agreement made between the plaintiffs and defendant is the one set forth in the complaint, etc. The case was referred, the testimony taken, and the court decreed that the contract set out should be reformed, etc.

1. The first objection is that the court erred in overruling the demurrer. The ground of this objection is that the facts alleged only show a mistake by the plaintiffs as to the legal effect or import of the agreement which they executed. This, it is claimed, is not a ground for either defensive or affirmative relief, without some allegation of

fraud, misrepresentation, violation of confidence reposed, or of other inequitable conduct in the transaction. It is perhaps true that the allegation that the. plaintiffs are ignorant and illiterate persons, and did not understand the meaning and import of the language used in the contract, is not sufficient, of itself, to entitle them to the cancellation or reformation of the contract. They are doubtless bound to exercise care and diligence in their business transactions, and if they were incapable, from illiteracy, of examining the instrument and determining its import, they ought, before signing it, to have procured some one in whom they had a right to place confidence, to examine it for them. Such allegation does not show any inequitable conduct in the transaction sufficient to authorize the court to grant the relief prayed for, unless it also appears from the complaint that some relation of trust or confidence existed between the parties to the contract, or that there was fraud or misrepresentation, or that the means of knowledge as to the terms and conditions of the contract were not equally open and accessible to both parties. "The rule is well settled," as stated by Mr. Pomeroy, "that a simple mistake by a party as to the legal effect of an agreement which he executes, or as to the legal result of an act which he performs, is no ground for either defensive or affirmative relief. If there were no elements of fraud, concealment, misrepresentation, undue influence, violation of confidence reposed, or of other inequitable conduct in the transaction, the party who knew, or had an opportunity to know, the contents of an agreement or other instrument, cannot defeat its performance, or obtain its cancellation or reformation, because he mistook the legal meaning or effect of the whole or any part of its provisions": 2 Pomeroy, Equity Jurisprudence, § 843.

2. The complainant, after alleging, among other things, that D. H. Bibb was agent of the defendant company, and that John A. Gray was its attorney, of which

the plaintiffs had no knowledge, charges "that at the time the writings were executed by the plaintiffs they had implicit confidence in the said D. H. Bibb and John A. Gray, and honestly believed that the said Gray was acting as their attorney, as before stated, and that he would not have advised plaintiffs that the writings were all right unless they had been in accordance with the actual verbal agreement which the plaintiff Samuel Archer made with the defendant as aforesaid, and that plaintiffs did so honestly believe, or they would have refused to have executed such writings," etc. "That at the time the writings were executed the defendant well knew that the deed executed by the plaintiffs was not in accordance with the actual agreement which was made and entered into between the plaintiffs and the defendant, but the defendant fraudulently caused the deed to be drawn in the form in which it was drawn for the purpose and with the intention of obtaining an advantage over the plaintiffs, and with the same purpose induced the plaintiffs to execute the same as aforesaid." Without further comment, we think these facts, taken in connection with the other allegations referred to in the succeeding paragraph, make it sufficiently appear from the complaint that the facts stated constitute a cause of suit which entitles the plaintiffs to relief, within the rule announced by the authorities cited.

3. The next objection is that the evidence for plaintiffs is not sufficient to entitle them to a decree. In cases of this character the plaintiff should make the better case upon the issue, and satisfy the mind of the court as to the mistake or fraud charged. The evidence should preponderate in his favor to entitle him to relief. "The party who alleges fraud," says Mr. Bigelow, "must make good his allegation by clear and satisfactory evidence, such as will preponderate over presumption of evidence on the other side": Bigelow, Fraud, § 3, p. 142. The law does not require more. The evidence need not be "conclusive"

and leave no doubt, but it ought to be so clear and satisfactory as to preponderate.   The evidence shows that the plaintiffs entrusted D. H. Bibb, with whom the agreement was made on behalf of the defendants, to take away the written memorandum made at plaintiffs' house for the purpose of preparing an agreement in accordance with the terms actually made.   It further shows that the plaintiffs reposed confidence in Bibb and Gray, and that the plaintiff S. Archer supposed that Gray, who was attorney for the defendant, was acting as their attorney and would protect their interests.   There is other evidence on this subject, but we do not deem it necessary to recur to it.   To justify its decree, the court necessarily found from the evidence that the terms inserted in the agreement were not in accordance with the actual agreement which had been made between the parties, and that the plaintiffs, induced by the confidence reposed, signed the agreement so prepared without explanation, or understanding the legal import of the instrument.   We think the evidence justifies the conclusion reached, and the decree entered therein was proper.   When one party to a contract entrusts to and depends upon the other party to have the contract as made by them reduced to writing, the party entrusted with such duty must act with the utmost good faith; and if the contract as written is not the one which was verbally agreed upon, and the party was induced by the confidence reposed in the other to execute the contract as written, believing it expressed the real contract made, equity will not permit it to stand.

The result of our examination convinces us that there was no error and that the decree must be AFFIRMED.