GILBERT M. HUSTED, Appellant, *v.* EDWARD VAN NESS and DAVID THOMSON, as Trustee of the Estate of BENJAMIN LORD, Deceased, Respondents.

1. COSTS — DISCRETIONARY IN EQUITY. It being within the discretion of the Appellate Division to modify a judgment in an equity action by making it with instead of without costs, such a modification is not reviewable in the Court of Appeals.

2. REFORMATION OF INSTRUMENT — ESSENTIAL FACTS. To support a judgment reforming an instrument there must be findings of fact to the effect that the instrument does not express the agreement of the parties, and that the occasion for its failure in that respect was due either to a mutual mistake of the parties, or to a mistake by one party and fraud on

the part of the other ; and in the absence of such findings a reversal upon the law is warranted

3. CONSTRUCTION OF INSTRUMENT. When the substantial purpose of an action is to reform an instrument, and that purpose fails, the plaintiff is not entitled to a judicial construction of the instrument holding that as originally drawn its meaning is the same as it would have been had it been reformed.

*Husted* v. *Van Ness*, 1 App. Div. 120, affirmed.

(Submitted November 29, 1898; decided January 17, 1899.)

APPEAL from a judgment and an order of the Appellate Division of the Supreme Court in the first judicial department, entered in February, 1896, modifying a judgment of Special Term in favor of plaintiff as against the defendant Van Ness and reversing the judgment as against the defendant Thomson as trustee, and granting a new trial as to him.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. Edward Woodruff* for appellant. On the facts found by the trial court, the judgment given was eminently proper. (*Goldsmith* v. *Goldsmith*, 145 N. Y. 313; Code Civ. Pro. § 1338; *Parker* v. *Day*, 155 N. Y. 383 ; *Benedict* v. *Arnoux*, 154 N. Y. 715; *Bomeisler* v. *Forster*, 154 N. Y. 229 ; Story's Eq. Juris. § 468.) The court has declared the general rule to be that when a person through the influence of a confidential or fiduciary relation acquires title to property or obtains an advantage which he cannot conscientiously retain, the court, to prevent the abuse of confidence, will grant relief. (*Wood* v. *Rabe*, 96 N. Y. 418; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313 ; *Warner* v. *Blakeman*, 4 Abb. Ct. App. Dec. 530; *Whittlesey* v. *Delaney*, 73 N. Y. 575; *Green* v. *Roworth*, 113 N. Y. 469 ; *Parker* v. *Day*, 155 N. Y. 383; *Benedict* v. *Arnoux*, 154 N. Y. 715 ; *Bomeisler* v. *Forster*, 154 N. Y. 229 ; *Salisbury* v. *Howe*, 87 N. Y. 134 ; *Bennett* v. *Whitney*, 94 N. Y. 308.) The court below expressly stated how the release was ambiguous and liable to misconstruction. It necessarily followed that the plaintiff was entitled to have it construed, modi-

fied or explained, to state that it was intended to release the interest of Mr. Husted at the time, and was not intended to affect any outstanding interest. (*Becker* v. *Church*, 115 N. Y. 562; Pom. Eq. Juris. § 870; *King* v. *Townshend*, 141 N. Y. 358; *Hamilton* v. *Cummins*, 1 Johns. Ch. 229; *McHenry* v. *Hazard*, 45 N. Y. 580; Story's Eq. Juris. §§ 693, 694, 700; *Pettit* v. *Shepherd*, 5 Paige, 493; *Haviland* v. *Willetts*, 141 N. Y. 35; *Wheeler* v. *Smith*, 9 How. [U. S.] 55.) If the instrument in question was obtained from the plaintiff by the trustee's attorney, under such circumstances as that it cannot be sustained, the defendant trustee could not enjoy its results and retain its benefits by a claim that it was unauthorized by him. (*Bedell* v. *Bedell*, 37 Hun, 420; *Newell* v. *Mayor, etc.*, 61 Hun, 356; *Devoe* v. *Fanning*, 2 Johns. Ch. 260; *Ex parte James*, 8 Ves. 337; *Leslie* v. *K. L. Ins. Co.*, 63 N. Y. 35; *Booth* v. *C. M. Co.*, 74 N. Y. 27; *Sturgis* v. *N. J. S. Co.*, 62 N. Y. 625; *Potts* v. *Hart*, 99 N. Y. 168; *Becker* v. *Koch*, 104 N. Y. 403; *Cross* v. *Cross*, 108 N. Y. 628.) Plaintiff has no adequate remedy at law. (*Lough* v. *Outerbridge*, 143 N. Y. 277; *Ostrander* v. *Weber*, 114 N. Y. 95; *Town of Mentz* v. *Cook*, 108 N. Y. 504; *Becker* v. *Church*, 115 N. Y. 562; *Benedict* v. *Arnoux*, 154 N. Y. 715.) On the undisputed facts as found by the Special Term, the relief given the plaintiff was justified. (*Green* v. *Roworth*, 113 N. Y. 462; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313.)

*Geo. Putnam Smith* for respondent. This action was not maintainable, and the judgment of the Special Term awarding to the plaintiff any relief as against the trustee was erroneous and properly reversed by the Appellate Division. (*O. Co.* v. *D. P. T. Co.*, 105 N. Y. 658.)

PARKER, Ch. J. The opening sentence of the appellant's brief expresses, as well probably as it is possible to do so, the object of this action, which he says "was brought by the plaintiff to *obtain relief* in respect to a certain paper writing which the defendant Edward Nan Ness, the then attorney and counsel for Augustus Cruikshank, the then trustee of the

Lord estate, prepared and procured the plaintiff to execute in his office." The paper referred to was a release by which the plaintiff Husted undertook to release an undivided one-half of his one-eleventh interest in the estate of said Benjamin Lord, he having previously assigned the other undivided one-half to one Woodruff in part, at least, for professional services. So much of the release as is necessary to present whatever of question the plaintiff thought there was in this case, reads as follows: "Now, therefore, the undersigned, Gilbert M. Husted, devisee of Lavinia Knapp, one of the *cestuis que trust* under the will of Benjamin Lord, in consideration of the premises and the consideration of payment to him of the sum of $4,757.09 by the defendant, the same being one-half of one-eleventh of said balance as found due by said judgment and the several dividends heretofore made by the said trustee of capital and income of said estate, hereby releases and discharges," etc.

The plaintiff seems to have been of the opinion that the release was not sufficiently explicit in that it did not point out definitely that the plaintiff was not attempting to release the interest that he had assigned sometime before and, therefore, might embarrass his assignee when he came to collect of the trustee the other undivided one-half. When the action was commenced plaintiff appeared to be of the opinion that a fraud had been perpetrated upon him by the defendant, attorney Van Ness, and so he made the latter, as well as the trustee, a defendant, and in his complaint alleged misconduct on his part. When the case came on for trial at Special Term, it was very soon made to appear that there was no fraud intended on the part of either the attorney or the trustee. Neither of them pretended that the release affected or was intended to affect the interest that had been assigned to Woodruff, as defendants knew of the assignment at the time of the execution of the release. On the contrary, they insisted that on its face it purported to release only an undivided one-half, and so the Special Term concluded to grant a dismissal of the complaint as to defendant Van Ness, but without costs. As to the

trustee the learned justice was of the opinion that perhaps the release was not expressed as clearly as it ought to have been, and, therefore, he decreed that the plaintiff " is entitled to relief in respect to the release  *  *  *  by the reformation of said release so that the same shall read and be construed as being a release of but one-half of the one-eleventh share of the estate of Benjamin Lord."

When the case came before the Appellate Division that court modified so much of the judgment of the Special Term as dismissed the complaint as to the defendant Van Ness, by making it " with " instead of " without costs " of the action as against the plaintiff. The decision in that respect was within the discretion of the court and is not reviewable here.

That court also reversed so much of the judgment as undertook to construe or reform the release. The order of reversal was upon the law and not upon the facts, and, therefore, the appellant insists that the findings of fact support the judgment of the trial court and the order and judgment of the Appellate Division should be reversed. If the judgment be treated as one reforming the instrument, it must have for its support findings of fact to the effect that the release does not express the agreement of the parties, and the occasion for its failure in that respect was due either to a mutual mistake of the parties, or to mistake by one party and fraud on the part of the other party. We have examined the findings with care, but discover none having that effect or even tending in that direction. If the judgment be regarded as one construing the instrument, it is erroneous, for that was not the substantial purpose of the action, and that having failed the plaintiff was not entitled to a judicial construction of the release holding that as originally drawn its meaning is precisely the same as it would have been had it been reformed. (*Oakville Co.* v. *Double Pointed Tack Co.*, 105 N. Y. 658.)

The order should be affirmed and judgment absolute ordered for the defendant, on the stipulation, with costs.

All concur.

Order affirmed, etc.