Cox v. Beard.

---

E. COX *et ux.* V. EFFIE J. BEARD.
No. 14,930   (89 Pac. 671.)

SYLLABUS BY THE COURT.

DEEDS — *Reformation — Unilateral Mistake Induced by Fraud.*
The equitable remedy of reformation is not limited to cases of mutual mistakes. Where mistake unmixed with fraud is the basis of the relief sought it must be a mistake common to both parties, but the remedy is available where, by the mistake of one party induced by the fraud of another, there is omitted from a deed land which it was stipulated should be conveyed and which the first party was led to believe was covered by the description written in the instrument.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed March 9, 1907. Affirmed.

*Austin J. Adams,* and *Thornton W. Sargent,* for plaintiffs in error.

*Richard E. Bird,* for defendant in error.

24—75 KAN.

The opinion of the court was delivered by

JOHNSTON, C. J.:  This was a suit by Effie J. Beard to correct and reform a deed executed by E. Cox and his wife, Dora Cox, conveying a tract of land in the city of Wichita.  She alleges that for a consideration of $6000 they agreed to convey to her a tract of land fronting on Wabash avenue, and bounded by certain fences and cement walks and coping, which they said was described as lots 1, 2, 3, 4, 5 and 6 of a certain subdivision of the city.  The consideration was paid and the conveyance made, but she soon learned that the grantors had misrepresented the facts as to the description of the property sold and had fraudulently led her to believe that the description in the deed covered the tract which they pointed out and sold, when as a matter of fact the lots described in the deed did not front on the street.  It turned out that there was a strip of the tract $25\frac{1}{2}$ feet wide and 150 feet long lying between the lots as described in the deed and Wabash avenue—a strip which the grantors owned but had failed to include in the conveyance, and there was also a narrow strip of ground in the rear of the enclosure which was a part of the tract sold and which was omitted from the deed.

The defendants answered that they agreed to convey no more ground than was described in the deed, and they denied the charges of fraud and misrepresentation attributed to them.  Upon the testimony the court found generally in favor of Mrs. Beard, and adjudged that the deed be corrected and reformed so as to convey the entire tract which she had purchased and the Coxes had professed to sell.

It is contended that the deed is not reformable because the minds of the parties did not actually meet; that while there was misapprehension and mistake on the part of the grantee as to the extent of the land conveyed the mistake was not mutual, as the grantors did

not intend to convey more than the six lots described in the deed; and they insist that a unilateral mistake is a ground for rescission but not for reformation.

The equitable remedy of reformation is not confined to cases of mutual mistakes. It is true that where mistake unmixed with fraud is a basis of the relief asked it must be a mistake common to both parties, but it is well settled that the remedy is available where there is a mistake on oné side accompanied by fraud or other inequitable conduct on the other. It was held in *Taylor v. Deverell*, 43 Kan. 469, 23 Pac. 628, where the grantor by misrepresentation as to the length of a tape line used in measuring ground induced the grantee to accept a deed conveying a smaller tract of land than was agreed to be conveyed, that the mistake of one party in connection with the fraud of the other warranted the reformation of the instrument.

It is argued by the grantors that they at least did not intend to convey more than was described, and that therefore a reformation will effect what was not intended and will amount to the making of a new contract. According to the testimony it was the intention of Mrs. Beard to buy, and the expressed purpose of the Coxes to sell and convey, the entire tract. Having agreed to sell all of the tract, and having led the grantee to believe the deed would convey it, they cannot well insist that equitable relief should be barred because they did not mean what they said and their expressed intention was not their honest intention. They knew the correct description of the land sold and that the description employed in the deed did not cover or convey it. They also knew that the grantee understood that she was buying all the tract within the designated boundaries and that it fronted on a street, as the walks and other improvements indicated. They led the grantee to believe that the description in the deed conveyed all that was purchased, and took advantage of the mistake into which she was led by inducing her to accept the deed for a less quantity than was agreed

to be conveyed and for which a consideration was paid. The case comes fairly within the well-established rule that a deed is reformable where, by the mistake of one party and the fraud of another, there is omitted from it land which it was stipulated should be conveyed. (*Welles v. Yates,* 44 N. Y. 525; *Husted v. Van Ness,* 158 N. Y. 104, 52 N. E. 645; *Kyle v. Fehley,* 81 Wis. 67, 51 N. W. 257, 29 Am. St. Rep. 866; *Place v. Johnson,* 20 Minn. 219, 229; *Crookston Imp. Co. v. Marshall,* 57 Minn. 333, 59 N. W. 294, 47 Am. St. Rep. 612; *Simmons Creek Coal Company v. Doran,* 142 U. S. 417, 12 Sup. Ct. 239, 35 L. Ed. 1063; *Higgins v. Parsons,* 65 Cal. 280, 3 Pac. 881; *Kinney v. Ensminger,* 87 Ala. 340, 6 South. 72; *Jones v. Warren,* 134 N. C. 390, 46 S. E. 740; *Archer v. California Lumber Co.,* 24 Ore. 341, 33 Pac. 526; *McCormick Harv. Mach. Co. v. Woulph,* 11 S. Dak. 252, 76 N. W. 939; *Goodenow v. Curtis,* 18 Mich. 298; *The Citizens' National Bank of Attica v. Judy et al.,* 146 Ind. 322, 43 N. E. 259; *Sanford v. Gates, Townsend & Co.,* 21 Mont. 277, 53 Pac. 749; *Dane v. Derber,* 28 Wis. 216; 24 A. & E. Encycl. of L. 652; 2 Current Law, 1492; 4 Pom. Eq. Jur., 3d ed., § 1376; 2 Page, Cont. § 1239; 42 Cent. Dig. c. 1111.)

Because Mrs. Cox did not sign the preliminary contract, and only signed the deed, it is said that she never gave that joint consent necessary to the alienation of her homestead. Aside from the fact that there is testimony that she herself represented to the grantee that the enclosure marked the boundaries of the tract they were selling, she stated on the witness-stand that she regarded the six lots described in the deed as her homestead, and that the strips omitted from the deed were separate and distinct pieces of ground. There is nothing substantial in this claim.

The judgment of the district court is affirmed.