Rusch, Respondent, vs. Wald, Appellant.

*October 15—November 11, 1930.*

For the appellant there was a brief by *Paul, Ebert, Paul & Knoeller* of Milwaukee, and oral argument by *Herman M. Knoeller.*

*Michael J. Dunn, Jr.,* of Milwaukee, for the respondent.

FAIRCHILD, J.   The appellant in support of his demurrer urges the misrepresentation complained of to be one of law as it relates to an ordinance and therefore not the basis of an action.   This general rule is not applicable to the situation disclosed by the allegations of the complaint.   The purpose and method of licensing real-estate brokers to do business and limiting this field to those so duly licensed creates a relation between the broker and the public dealing with him which places on him an obligation commensurate with the advantage he has in the general knowledge that he

is designated as one having special understanding and information concerning the things affecting his particular vocation. If a broker deceives and misleads one into making a contract to the broker's or his principal's undue advantage and does so under such circumstances that trust and confidence are reposed on the one side and the influence of his recognized and licensed position and the impression of superior knowledge accompanying it are exercised on the other, the customer has a cause of action for rescission or damages, providing, of course, the customer has acted within proper limitations as to the exercise of prudence and diligence. Whether or not, under the allegations of this complaint, the plaintiff is lacking in diligence and proper care in relying upon the broker's statement and in failing to make an independent inquiry, is a question of fact which is not to be resolved against her upon the demurrer. In *Genske v. Jensen,* 188 Wis. 17, at p. 19, 205 N. W. 548, it was said: "A purchaser may also be justified in refusing to perform because of the existence of a valid building or other restriction imposed by statute or ordinance, or by authorized municipal authorities, or by an existing charge against the property by reason of violation of such a restriction."

"It is not . . . universally true that a misrepresentation of the law is not binding upon the party who made it. . . . Where one who has had superior means of information professes a knowledge of the law, and thereby obtains an unconscionable advantage of another who is ignorant and has not been in a situation to become informed, the injured party is entitled to relief as well as if the misrepresentation had been concerning matter of fact." 1 Bigelow, Fraud, p. 488. See, also, *Kyle v. Fehley,* 81 Wis. 67, 71, 51 N. W. 257. The complaint states a cause of action.

*By the Court.*—Order affirmed, and the cause remanded for further proceedings according to law.