## DANE VS. DERBER.

### *Reformation of Deed.*

Plaintiff purchased of defendant an acre of land, part of a larger tract belonging to defendant and known as lot 13. The acre purchased was pointed out to plaintiff by defendant as enclosed on three sides by fences, and measurements were made by the parties together along said fences; and it was understood between them that the boundaries of the acre were straight lines running with the cardinal points of the compass, and that the north line was one and a half rods south of the middle of certain land used as a street. By fraud or mistake defendant conveyed an acre in the "northeast corner" of said lot 13, and plaintiff, not knowing where the north line of lot 13 was, accepted the deed, supposing it to convey the land he had bought. It was afterwards found that the north line of lot 13 was at the middle of said street. *Held,*

(1.) That plaintiff was entitled to have the deed reformed.

(2.) That a judgment establishing the northeast corner of plaintiff's acre exactly one and a half rods south of the northeast corner of lot 13, and running the north line due east and west, and not precisely along the fence, which the plaintiff claimed as such line (said fence not being due east and west), is in accordance with the true meaning of the contract between the parties (as sufficiently stated in the complaint), and should be affirmed.

APPEAL from the Circuit Court for *Winnebago* County.

Ejectment. The defendant appeals from a judgment for the plaintiff. The case is stated in the opinion.

*Felker & Weisbrod,* for appellant, argued, 1. That there was

Dane vs. Derber.

no mistake, but the deed conveyed just the land which the parties intended to buy and sell, respectively. 2. That at least the mistake was not *mutual*, but the land conveyed was that which the defendant understood to be the land sold; and under such circumstances the deed would not be reformed. 33 N. Y., 676, 680; 24 Wis., 496. 3. That a written instrument will not be reformed without clear and convincing proof of the mistake or fraud alleged. 33 N. Y., 680; 13 Wis., 355, 458; 6 id., 265, 592; 26 Wend., 169, 186; 8 Paige, 312; Story's Eq. Jur., § 157. The mistake should be proved as much to the satisfaction of the court as if it were admitted. 1 Brown C. C., 94; 26 Wend., 186; 13 Wis., 355, 458. Relief will not be granted where the purchaser could, with ordinary diligence, by viewing the premises and settling the terms of the description, have guarded against the alleged mistake. 26 Wend., 169, 189; 12 Paige, 312. 4. Counsel also contended upon the evidence, that the strip 24 feet and 9 inches wide, north of the fence which the complaint claims as the true nothern boundary of plaintiff's land, is not a legal highway, and is of the same quality as the land south of the fence; and therefore the mistake, if one existed, was not material, and equity will refuse on that ground to reform the deed. 1 Story's Eq. Jur., §§ 141, 146, 151; 27 Barb., 196; 48 id., 222.

*Gabe Bouck*, for respondent, stated as the result of the evidence, that when Cottrill, Peaslee and Johnson made their plat, they laid no street on the north side thereof; when the parties owning the tract immediately north of them platted, they left 24 feet 9 inches on the south side of their tract for a street, but by common consent, or for some cause not appearing, 24 feet 9 inches from the north side of C., P. and J.'s addition was also used for a street, thus making in fact a street about 50 feet wide, and a fence was built on the south side of the street as used. There was no proof when the fence was built, except that it was an old fence. Plaintiff attempted to show how long the land had been used for a street, but the court excluded the

evidence. Counsel further contended that there was no con-flict in the evidence as to the fact that the defendant sold plain-tiff one acre of land *inside his enclosure*, bounded on the north by the fence above mentioned. If the vendor knew that the deed did not describe the land he had sold, there was indeed no mutual mistake, but the deed should be reformed for fraud. 1 Kern., 582; *Wiswall v. Hall*, 3 Paige, 313; *Botsford v. McLean*, 45 Barb., 478; *S. C.*, 28 N. Y., 310.

LYON, J. The plaintiff purchased of the defendant one acre of land in lot 13 of Cottrill, Peaslee and Johnson's subdivision of certain lots in the city of Oshkosh; and the deed thereof, exe-cuted by the defendant to the plaintiff, conveys one acre in the northeast corner of said lot 13, bounded by lines running east and west 316 feet, and north and south 134 1-4 feet.

This action was brought by the plaintiff to obtain a reforma-tion of such deed, and the complaint alleges that he purchased a specific acre of land of the defendant, which was enclosed on the north and east sides thereof by fences; that at the time of such purchase, and before the execution of such deed, the par-ties measured three of the boundary lines thereof, starting at the intersection of the two fences above mentioned; that the defendant pointed out a post standing at such intersection, as the northeast corner of the land he was selling to the plaintiff; and that at the time he received such deed the plaintiff was ignorant of the boundaries of said lot 13.

The complaint further alleges that the northeast corner of lot 13 is twenty-four feet and nine inches north of said post; where-fore the north line of the acre of land described in the deed is that distance north of the north line of the acre which he actu-ally purchased; that he entered into possession of the acre which he purchased, and commenced improving the same, when the defendant, who owned the land on the south thereof, made claim to the south twenty-four feet and nine inches of the plaintiff's acre, and commenced the erection of a fence on what

he claimed to be the true line between their respective lands, but which is twenty-four feet and nine inches north of the south line of the land which the plaintiff alleges that he purchased as aforesaid. The plaintiff demands that such deed be reformed by correcting the description therein contained of the land conveyed, so that the same shall convey to the plaintiff the land which he purchased of the defendant.

The answer denies all of the allegations contained in the complaint, except that the defendant sold and conveyed to the plaintiff the land described in such deed.

The action was tried in the circuit court, and the judge found substantially that the allegations of the complaint were true, and that the plaintiff was entitled to the relief therein demanded, and gave judgment accordingly. The defendant appeals therefrom to this court.

I. We think it is very clear from the evidence that the plaintiff purchased a specific acre of land of the defendant as stated in the complaint, and that the notheast corner thereof is at a point at or near the post at the intersection of the north and east fences upon those lines of the lot.

There seems to be no great conflict in the testimony upon this proposition. The plaintiff so testifies; the witness Moss testifies to an admission made by the defendant to the same effect; and the defendant himself substantially admits the fact in a portion of his testimony. And although he seems to attempt to deny the same in other portions of his testimony, yet there is a clear preponderance of the evidence in support of the truth of such proposition.

II. The parties were both ignorant of the location of the north line of lot 13. Each of them testifies that he did not know the location thereof, and neither is disputed.

III. The plaintiff accepted the deed in the belief that it conveyed to him the specific acre of land which he had purchased, and it is probable that the defendant delivered it supposing that it conveyed that specific acre. If the defendant had ascer-

tained the true lines of lot 13 before he delivered the deed, and knew at the time of such delivery that it conveyed an acre of land the north line of which was 1 1-2 rods north of the fence, he was guilty of a fraud; and equity will relieve as well against a fraud as against a mistake.

IV.   It is apparent from the testimony that the parties intended that the land conveyed should be bounded by straight lines running with the cardinal points of the compass; that the north line thereof should be half the width of a street three rods in width south of the actual north line of lot 13; and that they supposed that the north fence before mentioned stood 1 1-2 rods, or 24 feet 9 inches, south of the line which has since been ascertained by them to be the north line of lot 13.

Under this state of facts the plaintiff is certainly entitled to the relief which he demands.

But it is said that the judgment of the circuit court establishes a line different from that claimed in the complaint. We think this is not so. It is true that the line located by the finding and judgment of the court below commences five or six inches north of the post, runs due west crossing the fence, and terminates from twelve to twenty-four inches south of the west end of the fence; and it is also true that the complaint claims that the post is in the northeast corner, and the fence is on the north line of the acre of land purchased by the plaintiff. But the complaint also locates the post twenty-four feet and nine inches south of the northeast corner of lot 13, and the fence on a line the same distance south of the north line of said lot. The finding and judgment, instead of locating the line where the parties erroneously supposed the fence had been erected, located it where the parties intended that it should be located, and that intention was sufficiently stated in the complaint.

We find no error in the findings and judgment of the circuit court, and such judgment must therefore be affirmed.

*By the Court.*—Judgment affirmed.