JAMES vs. CUTLER.

*September 28, 1881 — January 16, 1882.*

REFORMATION OF DEED. *(1) What facts authorize reformation as for mistake. (2) Complaint construed. (3) Proof of mistake on plaintiff's part and fraud or mistake on defendant's part.*
APPEAL TO S. C. *(4) When findings of fact by court below reversed.*

1. In the absence of fraud, a conveyance will not be reformed without proof that, previous to its execution, there was a mutual agreement for the sale and purchase of a parcel of land different from that described in the deed, and that the misdescription was inserted by mistake.

2. In an action for reformation of a deed, averments that the description of the premises in the deed " was erroneous, and in fact does not describe the premises purchased by the plaintiff and intended to be conveyed by the defendant, and that such erroneous description was inserted in such deed, and the deed accepted by the plaintiff, by mistake," with further averments stating precisely in what respect the description was erroneous, *held* sufficient allegations that defendant sold and plaintiff purchased the lands alleged to have been omitted from the description in the deed — especially after an answer denying that plaintiff purchased or defendant sold any land other than that described in the conveyance.

3. Where reformation is sought on the ground of mutual *mistake* only, and it appears that the sale was as alleged in the complaint, and that the deed was accepted through a mistake on plaintiff's part, and the evidence received without objection also shows clearly and satisfactorily that the misdescription was inserted *either through mistake or fraud* on defendant's part, the deed should be reformed.

4. Findings of fact by the trial court will not be reversed on appeal except upon a clear preponderance of evidence.

APPEAL from the Circuit Court for *Waukesha* County.

This action was brought to correct the description in a quit-claim deed of conveyance, executed by the defendant to the plaintiff, purporting to convey to plaintiff certain real estate situate in the village of Waukesha. The complaint alleges that the plaintiff purchased of the defendant a certain parcel of land situated in said village, and described in said complaint as a part of lot 6 in block 1 in Cutler's Addition to said village, for the consideration of $625, paid to the said defendant therefor; and that, by mistake of both parties, the deed of conveyance was so drawn that the description therein failed to convey to the plaintiff a strip along the south side of the track, intended to be conveyed, five feet and nine inches in width; and it prays that the deed may be reformed so as to include this strip of land.

The defendant denies that there was any mistake in the deed, and alleges that the description contained therein covers all the lands purchased by the plaintiff and sold by the defendant. The cause was tried by the court, and the facts were found as alleged in the complaint, and judgment entered correcting the mistake in the deed. The defendant appealed from the judgment.

For the appellant there was a brief by *J. V. V. Platto* and *W. S. Hawkins*, and oral argument by *Mr. Platto*.

*D. H. Sumner*, for the respondent.

The following opinion was filed October 18, 1881.

TAYLOR, J. Upon this appeal the learned counsel for the appellant insists, *first*, that the complaint does not set out any cause of action; *second*, that if it does, the proofs failed to show that there was any mistake made in the description inserted in the deed; *third*, that if the respondent believed he was purchasing and paying for the whole tract, including the five feet and nine inches which he alleges was omitted by mistake, and would not have made the purchase had he known he

was to have only the land described in the deed, there is no proof showing that the appellant intended to sell or convey to the respondent any part of the five feet and nine inches now claimed by the respondent, and that consequently no mutual mistake is shown, and the respondent is not, therefore, entitled to any relief under his complaint.

As to the first error assigned, we think the learned counsel for the appellant is mistaken as to the sufficiency of the facts stated in the complaint. The complaint alleges that the description in the deed " was erroneous, and in fact does not describe the premises purchased by the plaintiff and intended to be conveyed by the defendant, and that such erroneous description was inserted in such deed, and said deed accepted by the plaintiff, by mistake and misapprehension." These allegations we think sufficiently set out the fact that the plaintiff purchased and the defendant sold the lands omitted from the description in the deed, and especially after the defendant has answered denying that any mistake was made in the description inserted in the deed, and denying that the plaintiff purchased or the defendant sold any land other than that described in the conveyance.

The second and third assignments of error present only questions of fact determined by the court below against the appellant. Upon these points this court has frequently held that they will not reverse the findings of the trial court unless the record discloses the fact that the findings are clearly against the preponderance of the evidence. *Ely v. Daily*, 40 Wis., 52; *Hamilton v. Fond du Lac*, id., 50; *Cunningham v. Brown*, 44 Wis., 72, 78; *Monitor Iron Works Co. v. Ketchum*, id., 130; *Drummond v. Huyssen*, 46 Wis., 188. The reason for the rule is stated in the cases cited, and its justice is apparent.

The learned counsel for the appellant does not contend that the evidence does not establish the mistake on the part of the respondent with sufficient clearness to justify the finding of

the learned circuit judge that he supposed he was buying the strip of land in controversy; but he does insist with great earnestness that there is not sufficient proof to show that the appellant intended to sell, or did sell, to the respondent the strip in question.

It must be admitted that a reformation of a deed or other conveyance of real estate will not be adjudged on the ground of mistake unless the mistake be mutual; that is, in the absence of fraud, a deed will not be reformed, as to its description, unless the evidence shows that previous to the execution thereof there was a mutual agreement to sell on the one part and purchase on the other a parcel of land different from that inserted in the deed, and that such misdescription was inserted by mistake. The proofs show that the tract of land about which the parties were negotiating fronted on Clinton street in said village; that *James*, the plaintiff, at the time, and before the deed was made, owned a part of the same lot 6, fronting on Main street, and that the south end of his lot was bounded by the north line of the land about which they were negotiating; that between the plaintiff's lot and Clinton street there were two other lots, one of which was owned by R. A. Waite, which was covered with a building. The south line of Waite's lot was also part of the north line of the lands about which the parties were negotiating; and on the south side of the tract there was a brick building, fronting on Clinton street, owned by one Morse. This building was built upon land leased to Morse for the term of five years, by the appellant. The proofs show that the space between the north wall of the Morse building and the south line of R. A. Waite's lot and building was thirteen feet and six inches. The land described in the deed is but seven feet and nine inches wide on Clinton street, the south line thereof being five feet and nine inches north of the north wall of the Morse building. Previous to the execution of the deed to *James*, the appellant had sold 25 feet in width off the south end of lot 6 to one August Waite, and he had

leased 26 feet in width to Morse, next north of Waite's 25 feet, for the term of five years; but the building erected by Morse on the leased land was built on the south side of his lot, so as to leave the north wall of the building five feet and nine inches south of the north line of the leased land, and this five feet and nine inches is the land in controversy. The mistake, if there be one in the deed, grows out of the fact that the starting point in the description is on the west line of lot 6, 51 feet north of the north line of South street (South street being a street which bounds lot 6 on the south), thence running easterly parallel with South street to the east line of lot 6, etc., the other sides being described as the east line of lot 6, the south lines of *James's* and R. A. Waite's lots, and (on the west) the east line of Clinton street.

This description excludes all the land leased to Morse, as well as that upon which the building stood. The appellant claims that he did not intend to sell any part of the land leased to Morse, and therefore he started the line at the point where the north line of the lot leased to Morse intersects Clinton street. On the other hand, the respondent claims that he intended to sell all the land north of the north wall of the Morse building, without regard to the description in the lease of the land upon which the Morse building stood. The Morse building was a business building, and not a dwelling-house. The evidence tending to show that the negotiations were about the whole land between the north wall of the Morse building and the south line of R. A. Waite's lot, seems to us entirely conclusive. When they first talked about the sale, the appellant stated that he had about 18 feet front on Clinton street; and when respondent told him there was not 18 feet front, the appellant replied that he could not give more than there was. Again, respondent speaking of the whole space between the two buildings as the appellant must have understood, he replied: "You get every inch there is there. I reserve nothing, and you can build on the place as soon as you have a mind to, and

block that up." The witness, who drew the deed at the request of the appellant, and who heard much of the conversation between the parties, says he understood the bargain was for all the land the appellant owned north of the north wall of the Morse building, and not what was north of the north line of the 26 feet leased to Morse, and that he put the starting point 51 feet north of South street because he knew that 25 feet had been sold to A. Waite, and that he asked appellant "*how much there was in the Morse building, and he replied 26 feet.*" That this man supposed the starting point was the north line of the wall of the Morse building is evident, also, from the fact that before the deed was accepted by the respondent he and the respondent measured the distance between the building of Waite on the north and the north wall of the Morse building, and made it about 15 feet, and he says he told respondent that he could not get any part of the brick building. Again he says, from what he heard the appellant and respondent say about the land sold, he thought it abutted against all the other lots and against the brick building. This evidence, with the additional fact that the appellant at first wished to reserve the right to enter upon the land sold for the purpose of blocking up and raising the walls of the Morse building, if he should afterwards become the owner thereof, if it stood uncontradicted by the testimony of the appellant, would seem to be quite sufficient to justify the finding that it was the intent of the appellant to sell, as well as of the respondent to buy, the whole tract extending south to the north wall of the Morse building.

But it is insisted by the learned counsel for the appellant, that if it be admitted that the appellant knew, at the time he sold to the respondent, that the respondent supposed he was buying and paying for all the land north of the north wall of the Morse building, and even though the evidence shows that the appellant encouraged him in that belief by his statements in regard to the width of the land he had to sell and was selling, and that he gave the person who drew the deed the same impression

James vs. Cutler.

by stating that the Morse building was 26 feet wide, and so misled him as to the starting point, yet the court ought not to find that the appellant intended to convey all the land north of the Morse building, because he testified on the trial that he knew, at the time the deed was made, that the starting point was five feet and nine inches north of such wall, and consequently he was not mistaken as to what was in the deed. We do not think the respondent should be defeated of his action for such reason: *first*, because the learned circuit judge has found against him upon that question as a question of fact; and *second*, because it would not necessarily defeat the respondent's right to relief if it were true. Courts of equity will reform conveyances, *first*, where there is a mutual mistake; and *second*, where there is a mistake by one party, and fraud in the other in taking advantage of it and thus obtaining a contract with the knowledge that the party dealing with him is in error in regard to its terms or its sufficiency to effectuate the real contract made between the parties. *Welles v. Yates*, 44 N. Y., 525; *Bryce v. Lorillard Ins. Co.*, 55 N. Y., 240; *Paine v. Jones*, 75 N. Y., 593; *Whittemore v. Farrington*, 76 N. Y., 452; *De Jarnatt v. Cooper* (Cal.), 13 Cent. Law J., 251; *De Peyster v. Hasbrouck*, 11 N. Y., 582; *Barlow v. Scott*, 24 N. Y., 40; *Rider v. Powell*, 28 N. Y., 310.

The proofs in the case at bar are very satisfactory in establishing the fact that the respondent was negotiating for the purchase of all the lands owned by the defendant in said lot 6 lying north of the north wall of the Morse building, and that when he paid his money and accepted the deed he supposed the deed did in fact convey to him all of said land. It is equally well established by the proofs that the appellant knew, when he delivered the deed to the respondent and took his pay therefor, that the respondent supposed the deed conveyed to him all the lands as above mentioned; and it is also shown that the acts and sayings of the appellant during the negotiations tended strongly to confirm the belief on the part of

James vs. Cutler.

the respondent that the appellant intended to sell him all of said lands. In this state of the proof the respondent was clearly entitled to the relief granted by the court below, either upon the ground of mutual mistake, or upon the ground of mistake on the part of the respondent and fraud on the part of the appellant. The learned circuit judge found that there was a mutual mistake. In this he followed the charity of the law, which will not impute fraud to a party when his acts or sayings can be reasonably interpreted without such imputation. If the evidence of the witness who drew the deed is to be believed, as we think it ought to be, then it would appear that the appellant did in fact intend to convey all the land lying north of the north wall of the Morse building, and that the mistake arose in his giving the width of the building as 26 feet instead of 20 feet and some inches, and that in consequence of such mistake he made the starting point five feet and more too far to the north. If, however, we felt inclined to hold that the evidence does not show any mistake on the part of the appellant, then we should be compelled to hold that there is sufficient evidence to show an intended fraud on the part of the appellant, by reason of which the respondent was induced to accept the deed which he mistakenly supposed conveyed to him all the land north of the Morse building. Taking this view of the case, the learned counsel for the appellant insists that under the allegations of the complaint the respondent should not recover, because fraud was not alleged in the complaint.

The evidence was all received without any objection that it was not admissible under the allegations of the complaint. The court was therefore at liberty to grant any relief asked for in the complaint, whether the plaintiff was entitled to such relief on the ground of mutual mistake or on the ground of mistake on the part of the respondent and fraud on the part of the appellant. See *Dane v. Derber*, 28 Wis., 216; *Mathews v. Terwilliger*, 3 Barb., 50; *Rider v. Powell* and *Welles v.*

James vs. Cutler.

*Yates, supra.* In the last case cited the complaint alleged a mutual mistake, yet relief was granted on the ground that there was a mistake on the part of the party seeking relief and fraud on the part of the other party, which entitled the complainant to relief as though there had been a mutual mistake. The case of *Dane v. Derber,* 28 Wis., 218, was similar in its facts and circumstances to the case at bar; and relief was granted upon the ground of mistake on the part of the plaintiff and fraud or mistake on the part of the defendant.

We think the court below would have been justified, under the pleadings and proof, in giving the relief granted upon either of the grounds above stated; and had he given full credence to the evidence of the appellant as to his knowledge of the boundaries of the land as described in the deed, the judgment would have been the same.

We are not unmindful of the rule, well established by this court, that a deed or other written instrument will not be reformed except upon clear and satisfactory proof of mistake or fraud in the execution thereof; but, after a careful examination of the evidence in this case, we think that such mistake on the part of the respondent was clearly established by the testimony, and that on the part of the appellant it also clearly established either mistake or fraud, either of which would uphold the judgment. There is certainly no preponderance of evidence against the findings of the circuit court.

*By the Court.* — The judgment of the circuit court is affirmed.

A motion for a rehearing was denied January 16, 1882.