WINANS v. HUYCK.

71  459
98  333
71  459
104  428
71  459
119  108

1. **Contract:** FRAUD AND MISTAKE: REFORMATION. Plaintiff purchased of defendant a certain hotel property, which defendant showed to her, but she did not know the width of the lot, and he, with the intent to defraud her, executed and offered her a deed describing only a portion of the lot, which deed she accepted, and took possession thereunder, supposing that it properly described the premises which she had purchased. These facts being established by clear and satisfactory evidence, *held* that she was entitled to a decree for a reformation of the deed, so as to describe the whole of the lot.

*Appeal from Wright District Court.*

THURSDAY, MARCH 17.

ACTION in chancery to enforce a specific performance of a contract .to convey lands. There was a decree granting the relief prayed for by plaintiff. Defendant appeals.

*Weaver & Baker*, for appellant.

*Nagle & Birdsall*, for appellee.

BECK, J.—I. The petition alleges that plaintiff purchased of defendant a lot in the town of Goldfield, whereon a building used as a hotel was situated. In payment thereof, she conveyed to defendant certain real estate in Iowa Falls, and entered into the possession of the hotel and lot purchased of defendant, who delivered to her a deed for the property, which, however, does not cover all of the lot, conveying only the south forty-four feet; the whole lot being sixty-six feet broad. It is alleged that plaintiff was not acquainted with the boundaries of the lot, and that, when the purchase was made, defendant pointed out to her the whole lot, and certain buildings upon the part not conveyed, as being the property sold, but fraudulently caused the deed to describe but a part of the lot, plaintiff believing that it covered the whole. In the original petition, plaintiff prays that defendant be required to specifically perform the contract, and convey the whole lot, and, in an amended petition, that the deed be reformed in accord with the contract of sale. The defendant in his answer denies the allegations of the petition.

II. The evidence, in our opinion, establishes, in a manner clear, satisfactory and free from reasonable doubt, that plaintiff bought all of the lot. The defendant described and pointed out the whole of it, and the buildings thereon, as the property he sold, and in no way indicated that he reserved any part of it. The description of the lot as shown by the town plat, or its breadth, was in no way referred to in order

to identify the property sold. He must have known that plaintiff understood that she was purchasing the whole, and by his language and acts he expressed his own understanding of the sale as including the whole. She was ignorant of the dimensions of the lot. Of this ignorance he fraudulently took advantage, and executed a deed describing but a part of the lot. This deed was accepted by plaintiff through mistake. She took possession of the whole lot, and did not discover her mistake and plaintiff's fraud until afterwards. The sale of the whole property, the fraud of defendant in excepting a part of it in the deed, and the mistake of plaintiff in accepting it, are shown by evidence, clear, satisfactory and free from reasonable doubt. Upon this evidence, in accord with authorities cited by defendant's counsel, plaintiff is entitled to relief. In support of this conclusion, see the following cases: *James v. Cutler*, 54 Wis., 172; *Dane v. Derber*, 28 Wis., 216; *Bryce v. Insurance Co.*, 55 N. Y., 240; *De Peyster v. Hasbrouck*, 11 N. Y., 582; *Rider v. Powell*, 28 N. Y., 310; *Wiswall v. Hall*, 3 Paige, 313; *Goodenow v. Curtis*, 18 Mich., 298.

The decree of the district court is　　　AFFIRMED.