## McCormick Harvesting Machine Co. v. Woulph.

1. An appeal taken from a judgment, and from an order denying a new trial which was never entered, will be disregarded, so far as it relates to the order.

2. An appeal from a judgment alone presents only errors of law occurring at the trial, including the direction of a verdict on the undisputed evidence.

3. Claim and delivery can be maintained for only such property as was in the actual or constructive possession of defendant when the action was begun.

4. Where plaintiff brought claim and delivery for corn claimed under a crop mortgage, which he alleged was intended to cover the land on which it was grown, but by mutual mistake covered other land, and a mistake of the mortgagee and fraud of the mortgagor in misrepresenting the description were proved, it entitles plaintiff to the same relief as though there had been in fact a mutual mistake.

(Opinion filed Oct. 18, 1898.)

Appeal from circuit court, Marshall county. Hon J. O. Andrews, Judge.

Claim and delivery by the McCormick Harvesting Machine Company against John R. Woulph. From a judgment for defendant, plaintiff appeals. Reversed.

The facts are stated in the opinion,

*J. H. McCoy* and *Byron Abbott,* for appellant.

*A. Sherin,* for respondent.

Fuller, J.   So far as this appeal relates to an order made after judgment on the hearing of a motion for a new trial, but never entered, the same will be disregarded, and the case considered not otherwise than an appeal from the judgment alone, presenting only alleged errors of law occurring at the trial, including the direction of a verdict upon the undisputed evidence Threshing Machine Co. v. Skau: 10 S. D. 636, 75 N. W. 199; Haggarty v. Strong, 10 S. D. 585, 74 N. W. 1037; Jones v. Faris, 6 S. D. 112, 60 N. W. 403.

At the trial of the action which is claim and delivery; to recover the possession of chattels described in a mortgage, the following state of facts was established by the uncontroverted testimony of numerous witnesses: On the 21st day of October, 1893, to secure a pre-existing indebtedness the defendant executed a mortgage on a span of mares and five cows, together

with "all crop, of every kind, name, nature and description, to be sown, grown, harvested or cultivated during the years 1894, 1895, 1896 or until said debt is fully paid, on the northeast quarter of section 15 town 126, range 53; being 160 acres under cultivation, and now ready for crop." The mortgagor's own declarations are conclusive concerning the live stock, none of which at the commencement of this suit was, or for a long time prior thereto had been, in his possession either actual or constructive; and he never owned or occupied the identical real estate described in the mortgage as that upon which the crop was to be sown, grown, and harvested. In May, 1895, he told Mr. Turner, appellant's agent, and a witness at the trial, that the horses were both dead, and that the cows had wandered away in a storm and were lost. Later, while at the government agency, he stated to the witness that he had sold the cows to the Indians, and was there for the purpose of collecting the money, but refused to pay any of it upon the mortgage debt. The witness further testified as follows: "He signed this chattel mortgage at Langford, and told me that the description that he gave me was the land taken by him as a homestead on the Indian reservation. I think it was in May I saw him at the agency. The conversation was chiefly in regard to the stock. He said he had given me a mortgage on crops on a piece of land, and that I thought I was smart, but that he had fooled me that time by giving me the wrong description, and that he would like to see me get that crop. He said I had an opportunity to collect this claim at the time I made the extension of the paper, and that I was a fool for not doing it then; and I thought so too." The real estate description fraudulently given by defendant for the purpose of having

·the same written in the mortgage was at the time Indian allot·
ment land not yet subject to entry; and as no part of the grain
taken in this action was raised thereon, and none of the other
,property was in the possession of the defendant at the com-
mencement of the action, the court directed a verdict in his
favor for the value of the grain, dismissed as to the live stock,
and from a judgment accordingly entered plaintiff appeals.

Appellant, in its complaint, appealed to the equity side of
the court for a reformation of the mortgage, upon the theory
that by the mutual mistake of the parties the premises upon
which the grain was to be raised were erroneously described;
but the testimony conclusively shows, and the jury expressly
found, that such description was not the result of a mistake,
and the evidence offered and rejected tends only to strengthen
the view that respondent deliberately gave a wrong description
of the land for the sole purpose of deceiving the mortgagee.
In harmony with all well considered cases, this court has held
that claim and delivery, of which wrongful detention is the gist.
can be maintained only with reference to personal property,
which at the time of the commencement of the action was in
either the actual or constructive possession of the defendant;
and, as the evidence was uncontroverted, the verdict was prop-
erly directed so far as the same related to the cows and horses
described in the mortgage.    Willis v. DeWitt, 3 S. D. 281, 52
N. W. 1090.

The remaining point presented for our consideration ema-.
nates from the error on the part of appellant in the description
of the premises, caused confessedly by the fraudulent repre-
sentations of respondendent at the time the mortgage was exe-
cuted.    While the grain taken in this action was of the charac-

ter described in the mortgage, raised by the mortgagor during the period covered by that instrument in the township, county, and range inserted therein at his dictation, and on the only land occupied by him at the time, or since the execution of the mortgage, it was not the product of the section or quarter section which he induced appellant to write in said mortgage as a correct description of his premises. Whether, as between the parties, after rejecting that portion of the description which is false, enough remains to identify the property need not be determined, although, as a matter of fact, respondent, a year before the commencement of this suit, actually pointed out, and requested appellant to take as a part of the mortgaged property, certain poor crops then growing or standing on the identical ground upon which the grain now in controversy was grown and harvested. To prevent injustice. courts of equity not only reform instruments to obviate errors mutually made, but interpose without reluctance where there is a mistake by one of the parties, occasioned by the fraud of the other, in the execution of a contract, with a knowledge that the party dealing with him is thereby mistaken with regard to some of its essential terms. James v. Cutler, 54 Wis. 172, 10 N. W. 147; Welles v. Yates, 44 N. Y. 525; Winans v. Huyck, 71 Iowa 459, 32 N. W. 422; Goodenow v. Curtis, 18 Mich. 298; Higgins v. Parsons, 65 Cal. 280, 3 Pac. 881; Day v. Day, 84 N. C. 408; 2 Beach, Mod. Eq. Jur. 544; Dane v. Derber, 28 Wis. 216. Although mutual mistake of the mortgagor and mortgagee is alleged in the complaint, it is expressly denied in the answer; and mistake on the part of appellant and fraud on the part of respondent stand proved by uncontroverted evidence admitted without objection. Under such circumstances, a court of equity will grant relief

consistent with the prayer, and thereby prevent a party from taking advantage of his own wrong. James v. Cutler, *supra*; Welles v. Yates, *supra*; Mathews v. Terwilliger, 3 Barb. 50; Rider v. Powell, 28 N. Y. 310. In all the cases last cited, mutual mistake was alleged; yet the relief asked for in the complaint was granted on proof that there was a mistake on the part of the party seeking relief, and fraud on the part of the other party, which entitled the complainant to relief, as though there had been a mutual mistake. To obtain an extension of his notes, and as additional security, respondent orally agreed to mortgage to appellant for a term of years all crops to be grown by him on the only land he has ever occupied, so far as disclosed by the record, and which he then minutely described as to buildings, number of acres under cultivation, and the nature of the grain there growing; but when called upon to give the exact location thereof, for the purpose of having the same written in the mortgage, he, for the purpose of deceiving appellant, gave a description that is essentially false; and, as the evidence stood, such instrument should have been reformed in this action, which was brought as an aid to its enforcement. De Peyster v. Hasbrouck, 11 N. Y. 582. As, upon reason and the authorities, we cannot hold otherwise, under the evidence, than that the verdict in favor of respondent for the value of the grain taken by appellant was erroneously directed, the judgment appealed from is reversed, and the cause remanded for a new trial.